**Shirley DESSELLE, Appellant,**

v.

**RAYTOWN SCHOOL DISTRICT and Division of Employment Security, Respondents.**

**No. WD 52719.**

Missouri Court of Appeals, Western District.

Feb. 18, 1997.

Kent Desselle, Independence, for appellant.

Norman Humphrey, Jr., Independence, Ronnae Coleman, Kansas City, for respondents.

Before SMART, P.J., and SPINDEN and ELLIS, JJ.

SPINDEN, Judge.

Shirley Desselle, a school nurse for the Raytown public school district who also coordinated the district's Medicaid program, became disgruntled in 1995 over the way the district was using its Medicaid funds, so she told the district she wanted to give up her coordinator duties. Her desire was to relinquish only the coordinator duties and to continue serving as a school nurse, but the district treated her resignation as a relinquishment of all her duties and hired another nurse to replace her. She applied for unemployment compensation on the contention that her resignation as Medicaid coordinator was involuntary for good cause and that the district fired her from the school nurse position. The Labor and Industrial Relations Commission denied her claim, and, pursuant to § 288.210, RSMo Supp.1995, she appealed to this court.

We conclude that the commission's findings of fact were not supported by substantial evidence. We, therefore, reverse its determination that Desselle was not eligible for unemployment compensation and remand to the commission so it can make findings supported by substantial evidence and can reconsider its decision.

An appeals referee with the Division of Employment Security convened a hearing on February 21, 1996, to consider Desselle's claim. The school district did not appear at the hearing.[1] The appeals referee issued his decision on March 1, 1996, determining that Desselle was not eligible for unemployment compensation because she had quit her job as Medicaid coordinator without good cause. The commission adopted the referee's find-

---

1. A letter in the record from the district's attorney suggests that the district did not challenge Desselle's application for benefits.

ings of fact and conclusions of law as its own. The findings of fact stated:

> [Desselle] was employed by the [district] from 1991 until October 5, 1995. Initially, she was employed as a school nurse. In December 1993, [Desselle] volunteered to become the employer's Medicaid Coordinator. Upon being appointed the position of Medicaid Coordinator, [Desselle] devoted her time to administering that particular program. *She did not work as a school nurse. For the 1995–96 school year, [Desselle] was to be the [district's] Medicaid Coordinator and, in addition, she was to work as the school nurse at two different schools on Friday of each week.*[2]

On September 10, 1995, [Desselle] submitted a letter of resignation to the [district], enumerating nine reasons why she was resigning her position. She also stated, in part, "... with much regret, that [sic] I am forced to resign my position as Medicaid Coordinator.... I am willing to remain in my position as a district nurse, however if under the circumstances you do not wish me to remain in that position, I will understand. I will be happy to continue with the program for the next four weeks to allow you to find a suitable replacement."

On September 19, 1995, [Desselle] received a letter from the [district's] director of personnel in which [Desselle] was notified that the [district] accepted her resignation effective October 5, 1995. [Desselle] then responded on September 26, 1995, in writing, to the director of personnel, advising him that she was resigning only her position as Medicaid Coordinator and that she was willing to continue to work as a district nurse.

[Desselle] was advised by the [district's] director of personnel that the [district] did not wish to continue her employment as a district nurse because she was not a "team player."

The findings in italics were contrary to the substantial evidence in the record. Contrary to the commission's finding that Desselle was

responsible for no nursing duties while serving as Medicaid coordinator, Desselle testified that from December 1993 to May 1994 she covered one school in addition to doing her coordinator duties, and during the 1994–95 school year she covered two schools in addition to doing her coordinator duties. She also presented the school nurse schedule for the 1995–96 school year which slated her for nursing duties at three schools. Contrary to the commission's finding that during the 1995–96 school year Desselle worked four days each week as Medicaid coordinator and one day as a school nurse, she worked all five days as a school nurse at three schools. The record does not establish how much time Desselle spent performing the coordinator duties during the 1995–96 school year.

The commission's findings concerning the time Desselle spent doing her duties were crucial. The commission's determination that Desselle was ineligible rested almost entirely on those findings. "[Desselle] devoted 80 percent of her time during the 1995–96 school year as the Medicaid Coordinator, with the remaining 20 percent working as a school nurse," the commission said in its conclusions of law. "Her resignation from a substantial portion of her duties was a resignation from all of her duties." Because the commission erroneously assumed that the record established that Desselle spent 80 percent of her time serving as coordinator, its conclusion that the coordinator duties constituted "a substantial portion of her duties" is questionable. This record simply does not establish how much time Desselle spent doing coordinator work versus her other duties. It seems significant to us that the district assigned only nursing duties to Desselle's replacement. This raises significant doubt as to whether Desselle's primary duty was to serve as coordinator or school nurse.

Section 288.210 mandates that the commission's findings of fact are "conclusive," as the commission strenuously argues, but only if they are supported by "competent and substantial evidence." When the commission's findings are not supported by substantial

---

**2.** We added the emphasis to set out that portion of the findings which was not supported by substantial evidence.

evidence, § 288.210 authorizes us to remand for rehearing. *See Ford v. Labor and Industrial Relations Commission of Missouri,* 841 S.W.2d 255, 259 (Mo.App.1992); *Smith v. Labor and Industrial Relations Commission of Missouri,* 656 S.W.2d 812, 818–19 (Mo. App.1983).

Desselle also challenges the commission's determination that her claim that the district was misusing Medicaid funds did not constitute good cause to quit her job. Given our decision to remand to the commission for reconsideration of the facts of this case, we need not address this issue.

SMART, P.J., and ELLIS, J., concur.